Robert Lee Young III v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-501-CR

NO. 2-04-502-CR

ROBERT LEE YOUNG III APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Robert Lee Young III entered an open plea of guilty to the offenses of felony criminal mischief and possession of less than four grams of methamphetamine.  The trial court found him guilty and sentenced him to five and twelve years’ confinement respectively, the sentences to be served concurrently.  Appellant brings a single point on appeal, arguing that his Sixth Amendment rights to confrontation and cross-examination were violated by the trial court’s consideration of the pre-sentence investigation report (“PSI”) prepared by a Tarrant County community supervision officer.

The record reflects that Appellant specifically waived his right to a jury at both guilt and punishment and waived his right to the appearance, confrontation, and cross-examination of witnesses.  The plain language of the waiver indicates that it applies to both the guilt and punishment phases of the trial.  Appellant concedes that he requested that a PSI be prepared.  But he also contends that nowhere in the record is there evidence that he acquiesced to the  community supervision officer’s compilation and recitation of third-party witness statements about events in Appellant’s past.

As the State points out, the record is silent as to whether a PSI was actually done.  There is no record of the sentencing hearing and no showing that the PSI was offered into evidence or considered by the trial judge.  Because there is no record of either the plea or the punishment hearing, there is no evidence in the record that Appellant objected to the trial court’s consideration of the PSI as a denial of his rights of confrontation and cross-examination.

To preserve a complaint about the denial of the rights of confrontation and cross-examination, Appellant is required to show that he objected to such Sixth Amendment violations.
(footnote: 2)  Consequently, even if we were to assume that the PSI was prepared, presented to the trial court, and considered by the trial court in assessing punishment, Appellant would still not prevail because the record does not reflect any objection on his part.
(footnote: 3)  For these reasons, we overrule Appellant’s sole point.

The State invites us to hold that the Sixth Amendment rights of confrontation and cross-examination do not apply at the punishment stage when the trial judge alone assesses punishment.  We decline to do so.  The Sixth Amendment confers the right to counsel at trial as well as the right to confront and cross-examine witnesses.
(footnote: 4)  We are not prepared to engage in piecemeal dismantling of constitutional protections.  We believe the right to counsel applies even at punishment in a bench trial.  And until a higher court instructs us to the contrary, we shall apply the Sixth Amendment in its entirety, even to bench trials.

Because we hold that the record is insufficient to support Appellant’s complaint, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

WALKER, J. concurs without opinion.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Mendez v. State
, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

3:
See
 
Tex. R. App. P.
 33.1(a); 
Mendez
, 138 S.W.3d at 341;
 Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
,
 
526 U.S. 1070 (1999).

4:
U.S. Const
 amend. VI; 
Crawford v. Washington
, 541 U.S. 36, 59, 124 S. Ct. 1354, 1359 (2004) (rights to confront and cross-examine); 
Russeau v. State
, 171 S.W.3d 871, 880 (Tex. Crim. App. 2005) (same); 
Ex parte McFarland
, 163 S.W.3d 743, 759 (Tex. Crim. App. 2005) (right to counsel).